ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy and Natural Resources Division
JAMES R. MacAYEAL, (D.C. Bar # 474664)
Senior Counsel
Environmental Enforcement Section
Energy and Natural Resources Division
United States Department of Justice
P.O. Box 7611 Washington, D.C. 20044 7611
jamie.macayeal@usdoj.gov
Telephone: (202) 532-3245

Attorneys for the United States

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of AMERICA,<br>Plaintiff,<br>v.<br>GOLDCORP USA, INC., GOLDCORP INC., GLAMIS RAND MINING COMPANY, NEW VERDE MINES, LLC, and YELLOW ASTER MINING AND MILLING COMPANY,<br>Defendants. | Case No.<br><br>Complaint |

Plaintiff the United States of America ("United States"), by the authority of the Attorney General and at the request and on behalf of the United States Department of the Interior through the Bureau of Land Management ("BLM"), acting under delegated authority of the President of the United States, alleges as follows:

STATEMENT OF THE CASE

1. This is a civil action against Goldcorp USA, Inc., Goldcorp, Inc., Glamis Rand Mining Company, New Verde Mines, LLC, and Yellow Aster Mining and Milling Company ("Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. § 9607, for the recovery of response costs incurred by BLM, acting under delegated CERCLA authority from the President of the United States, in connection with releases or threatened releases of hazardous substances into the environment at or from the site known as the Rand Historic Mining Complex, in Kern County and San Bernardino County, California (the "Site"). The United States also seeks a declaratory judgment pursuant to Section 113(g) of CERCLA, 42 U.S.C. § 9613(g), declaring that Defendants are liable for any further response costs that the United States may incur in responding to releases or threatened releases of hazardous substances into the environment at or from the Site.

JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1345, and 42 U.S.C. §§ 9607(a) and 9613.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613 because the Site is located, and the releases of hazardous substances that give rise to the claims for costs associated with the Site occurred, in this district.

THE DEFENDANTS

4. Goldcorp USA, Inc. is a Nevada corporation and is a wholly owned subsidiary of Goldcorp, Inc. Goldcorp, Inc. is a Delaware corporation. In 2019, Newmont Mining Corporation merged with Goldcorp, Inc., forming Newmont Goldcorp Corporation, a Delaware corporation. In 2020, Newmont Goldcorp Corporation changed its name to Newmont Corporation ("Newmont").

5. Glamis Rand Mining Company is a Nevada corporation that was acquired by Goldcorp, Inc. in 2006. Glamis Rand Mining Company is now a subsidiary of

Newmont. Glamis Rand Mining Company was a subsidiary of Glamis Gold, Inc., which was a subsidiary of Glamis Gold, Ltd., a Canadian company. In 2006, Glamis Gold, Inc. merged into Glamis Gold, Ltd., which then merged into Goldcorp, Inc.

6. New Verde Mines LLC is a Delaware corporation that is a wholly owned subsidiary of Newmont.

7. Yellow Aster Mining and Milling Company ("YAMM") is a Nevada corporation.

8. Each Defendant is a "person" under Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

STATUTORY BACKGROUND

9. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section
>
> (1) the owner and operator of a . . . facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
>
> * * *
>
> from which there is a release, or threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for
>
> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan; . . .

10. Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), provides that the term "facility" includes any impoundment or landfill or "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located . . ."

11. Section 101(29) of CERCLA provides that the term "disposal" has the meaning provided in section 1004 of the Solid Waste Disposal Act [42 U.S.C. §§ 6903]." 42 U.S.C. § 9601(29). Section 1004 of the Solid Waste Disposal Act defines "disposal" as: "the discharge, deposit, injection, dumping, spilling, leaking, or placing of any solid waste or hazardous waste into or on any land or water so that such solid waste or hazardous waste or any constituent thereof may enter the environment or be emitted into the air or discharged into any waters, including ground waters." 42 U.S.C. § 6903(3).

12. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides that in an action for cost recovery of removal or remedial costs, a "court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

### The Site

13. The Site is a gold and silver mining district dating to the 1890s in California's Mojave Desert, centered around the towns of Randsburg, Red Mountain, and Johannesburg, California. The Site includes mines where gold and silver were extracted, abandoned mineshafts, tailings impoundments, waste rock piles, and ruins from mining operations.

14. BLM has divided the Site into three Operable Units ("OUs") for purposes of CERCLA response actions. OU1 is the Kelly Silver Mine near Red

Mountain, California. OU2 is the Yellow Aster Mine near Randsburg, California. OU3 is the Marigold Mine near Johannesburg, California.

15. Each OU includes a mine, a processing area, a tailings impoundment or impoundments, and associated drainage washes.

16. YAMM held patented and unpatented lode mining claims for the Yellow Aster Mine and conducted mining operations at the Yellow Aster Mine between 1895 and 1933. YAMM ceased mining operations by 1933 but continued to hold mining claims for the Yellow Aster Mine.

17. From 1933 to 1939, Anglo American Mining Corporation, Ltd. ("Anglo American") conducted mining operations at OU2 that resulted in the disposal of waste tailings, containing high levels of arsenic, in an impoundment now known as the Descarga tailings impoundment (the "Descarga"). The Descarga tailings impoundment filled the end of a valley between two ridges.

18. Between 1915 and 2019, YAMM held unpatented placer mining claims at the Descarga, and owned two claims when contaminated tailings were dumped at the Descarga. The unpatented placer claims gave YAMM the exclusive right to develop locatable minerals and to exclude all others, except the United States, from interfering with the claimant's mining operations. YAMM held complete beneficial title to the valuable mineral deposits within its claims during that time.

19. In 1984, Chemgold, Inc. ("Chemgold"), a Glamis Gold, Inc. ("Glamis Gold") subsidiary, entered into a lease with YAMM to use a portion of the Descarga to process materials using a chemical heap leaching process.

20. Glamis Gold then transferred the Chemgold operations to Rand Mining Company, a newly formed Glamis Gold subsidiary, and Chemgold dissolved in 2005.

21. In 1989, the Rand Mining Company, later known as Glamis Rand Mining Company, leased unpatented placer claims from YAMM to process materials at the Descarga.

22. Glamis Rand Mining Company continued operations on the Descarga until 2003. Thereafter, the operations continued in the form of reclamation/restoration work.

23. Between 2003 and 2025, Glamis Gold, Goldcorp USA, Inc., and Goldcorp, Inc. conducted reclamation/restoration operations on the Descarga, including grading areas, covering areas with rip rap and seeding areas with vegetation.

24. After Newmont Corporation merged with Goldcorp, Inc. in 2019, Newmont Corporation formed New Verde Mines LLC as a subsidiary to take over reclamation at the Descarga.

25. As of 2025, New Verde Mines LLC has taken over the reclamation operations on the Descarga.

BLM Response Actions at the Site

26. Between 2005 and 2007, BLM conducted a preliminary assessment at the Site. BLM sampling results showed highly elevated concentrations of arsenic at the Site, exceeding United States Environmental Protection Agency ("EPA") regional screening levels. BLM documented a release of arsenic and a threat of further release of arsenic at and from the Site.

27. In 2007, BLM began a Site-wide remedial investigation and feasibility study to characterize the nature and extent of contamination associated with the Site and to evaluate remedial alternatives. The remedial investigation included sampling to determine the concentration of arsenic in yards of homes located adjacent to waste rock piles or mill tailings, or subject to runoff from these areas.

28. Between 2005 and the present, BLM has conducted response activities at the Site pursuant to action memoranda and other decision documents that are part of the administrative record.

29. On May 13, 2015, following notice and comment by the public, BLM issued a Record of Decision ("ROD") selecting a CERCLA remedial action for OU2. The selected remedy for OU2 included, among other things, (1) removing and consolidating material onto the base of the Descarga dam face; (2) stabilizing a section of the road that overlies or is adjacent to tailings; (3) grading of the Descarga dam face to a more stable slope; (4) grading the surface of the Descarga and surrounding areas to control surface water; (5) installing fencing; (6) conducting desert tortoise surveys; (7) implementing land use restrictions, and (8) and capping selected areas. BLM selected a remedial action of spreading tackifier to control dust. The ROD established a phased approach to remediation, whereby further capping of all or a portion of the Descarga tailings impoundment could be later evaluated following an evaluation of the remedy's effectiveness.

30. The remedial action for OU2 commenced in 2016.

31. After a 5-year review of the effectiveness of the remedy, in accordance with the ROD, BLM determined that the original remedy for OU2 was insufficient to protect human health and the environment and determined that a rock cap for the Descarga tailings impoundment was required.

32. In a 2024 Explanation of Significant Differences, BLM determined that a synthetic liner, instead of rock, was an appropriate material for the cap.

33. BLM has incurred costs responding to a release or threat of further release at or from the Site. BLM continues to incur costs responding to releases or threatened releases of hazardous substances at the Site.

34. BLM's response actions taken at or in connection with the Site and the costs incurred incident thereto were not inconsistent with the National Contingency Plan.

FIRST CLAIM FOR RELIEF
(Cost Recovery under Section
107 of CERCLA against YAMM)

35. Paragraphs 1 through 34 are re-alleged and incorporated by reference.

36. Arsenic is a hazardous substance under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); *see* 40 C.F.R. § 302.4.

37. The Site is an area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

38. There have been releases and threatened releases of "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), at and from the Site.

39. The releases and threatened releases of hazardous substances at and from the Site have caused and continue to cause the BLM, acting under the CERCLA authority of the President, to incur costs to conduct response actions at the Site, including, but not limited to, studies, investigations, remediation, oversight, enforcement and indirect costs.

40. Defendant YAMM is a person within the class of covered persons described in Sections 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1) because it owned unpatented placer claims at the Descarga during the time that BLM conducted response actions. YAMM was also the owner of patented and unpatented lode claims associated with the Yellow Aster Mine during the time that BLM conducted response actions. Defendant YAMM was the owner of a facility, from which facility there was a

release, or threatened release, of a hazardous substance which caused the incurrence of response costs.

41. Defendant YAMM is also a person within the class of covered persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it held unpatented placer claims at the Descarga during the time of disposal of contaminated tailings. Defendant YAMM was the owner of a facility at the time of disposal, from which facility there was a release, or threatened release, of a hazardous substance which caused the incurrence of response costs.

42. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), YAMM is jointly and severally liable to the United States for all costs incurred by the United States in connection with the Site.

## SECOND CLAIM FOR RELIEF
(Cost Recovery under Section
107 of CERCLA against Goldcorp Entities)

43. Paragraphs 1 through 42 are re-alleged and incorporated by reference.

44. Defendants Glamis Rand Mining Company, Goldcorp USA, Inc., Goldcorp, Inc., and New Verde Mines LLC are each persons within the class of covered persons described in Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because each company, or its predecessor, operated at the Descarga during the time that BLM was conducting response actions. They are operators of a facility, from which facility there was a release, or threatened release, of a hazardous substance which caused the incurrence of response costs.

45. Defendants Glamis Rand Mining Company, Goldcorp USA, Inc., Goldcorp, Inc. are YAMM within the class of covered persons described in Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because were operators of a facility during the time of disposal of hazardous substances.

46. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Glamis Rand Mining Company, Goldcorp USA, Inc., Goldcorp, Inc., and New Verde Mines LLC are jointly and severally liable to the United States for all costs incurred by the United States in connection with the Site.

## THIRD CLAIM FOR RELIEF
(CERCLA Declaratory Judgment)

47. Paragraphs 1 through 46 are re-alleged and incorporated by reference.

48. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), a declaratory judgment should be entered against Defendants declaring that they are jointly and severally liable for all response costs not inconsistent with the NCP incurred by the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States prays that the Court:

1. Enter judgment against the Defendants and in favor of the United States, for all costs incurred in response to the release or threat of release of hazardous substances at and from the Site, plus interest, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607;

2. Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that the Defendants are liable that will be binding in a subsequent action for future response costs to be incurred by the United States in connection with the Site not inconsistent with the National Contingency Plan;

3. Award the United States its costs of this action; and

4. Grant such other relief as this Court deems appropriate.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Energy & Natural Resources Division
U.S. Department of Justice

*/s/ James R. MacAyeal*
JAMES R. MacAYEAL (D.C. Bar # 474664)
jamie.macayeal@usdoj.gov
Environmental Enforcement Section
Energy and Natural Resources
Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044 7611
Telephone: (202) 532-3245
Facsimile: (202) 514-2583